IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID B. WILLIAMS,<br><br>            Plaintiff,<br><br>vs.<br><br>BRANDY SIPES, et al.,<br><br>            Defendants. | Case No. CIV-19-267-RAW-SPS |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

COME NOW Defendants Yates, Riddle, Collins, Strobridge, and Sipes appearing by and through their attorney of record, Darrell L. Moore, OBA #6332, filing their response in opposition to Plaintiff's Motion for issuance of a Temporary Restraining Order and Preliminary Injunction. [Doc#31].

The reasons supporting Defendants' opposition to Plaintiff's Motion are set out more fully herein, as follows.

**PRELIMINARY STATEMENT**

Plaintiff, David Williams, ODOC# 162844, is an inmate appearing pro se. He is currently incarcerated at Davis Correctional Facility ("DCF"). Plaintiff filed an action under 42 U.S.C. §1983 alleging violations of his civil rights. On September 23, 2020, Plaintiff filed a motion for issuance of a Temporary Restraining Order / Cease and Desist Order, asking as follows - "*Order and direct Ms. Sipes and Mr. Larimer be kept from any and all interaction with Plaintiff.*" Plaintiff additionally seeks that he be transferred from Davis Correctional Facility.

1

In his two-page handwritten Motion, Plaintiff asserts Defendant Larimer, Health Services Administrator at the prison facility, "*continues to forge documents and refuse to allow treatment of Plaintiff for conditions he is well aware causes and creates significant pain and suffering.*" Plaintiff provides no further information.  Plaintiff asserts that Defendant Sipes, a Corrections Counselor on Plaintiff's inmate unit, "*allows her to harass him personally and besmirch his character with the other inmates."*   Plaintiff asserts this behavior by Counselor Sipes puts at risk his safety and health as inmates tend to be antagonistic and predatory.  Again, Plaintiff provides no details or further information.

As a result, Plaintiff's Motion should be considered by the Court to be factually unsupported and full of hyperbole and conjecture.  There is no reasonable basis for the issuance of any type of restrictive order by this Honorable Court.

## **PLAINTIFF'S MOTION DOES NOT MEET THE BURDEN PLACED ON AN APPLICANT FOR ISSUANCE OF A PRELIMINARY INJUNCTION.**

A party moving for preliminary injunctive relief must establish: (1) that the movant is in danger of immediate and irreparable injury; (2) that the adverse party will not be substantially harmed if the temporary relief is granted; (3) that the temporary relief is consistent with the public interest; and, (4) that the movant has a strong likelihood of success on the merits. *See* Kiowa Indian Tribe of Oklahoma v. Hoover, 150 F.3d 1163, 1171 (10th Cir. 1998).

Each of these requirements must be met for a Plaintiff to qualify for this extraordinary remedy.  *See* Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is intended to "preserve the relative positions of the parties until a trial on the merits can be held." *See* Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). The right to relief must be "clear and unequivocal" because "a preliminary injunction is an extraordinary remedy." *See* Salt Lake

Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081, 1099 (10th Cir.2003) (quoting Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir.2001)).

A preliminary injunction should not be granted unless the movant, by a clear showing, carries the burden of persuasion.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).  The Tenth Circuit Court of Appeals has recognized that a preliminary injunction represents drastic relief to be provided with caution and only in cases where the necessity for it is clearly established. See United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc., 883 F.2d 886, 888-89 (10th Cir. 1989).

Further closer scrutiny is mandated when certain disfavored preliminary injunctions are requested to ensure the grant of such an extraordinary remedy is warranted by the facts of the case. See O Centro Espirita Beneficiente Uniado Do Vegetal v. Ashcroft, 389 F. 3d 973, 975 (10th Cir. 2004)(en banc). Courts have recognized three types of disfavored preliminary injunctions: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and, (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." Id.

**A. The relief sought by Plaintiff would alter the status quo.**

The relief Plaintiff is requesting by way of his Motion for issuance of a Temporary Restraining Order and Preliminary Injunction would alter the status quo.  He is requesting that the prison facility's Health Services Administrator and a Corrections Counselor be *ordered* to refrain from all contact with the Plaintiff.  Obviously, this request is in the form of a *disfavored* type of preliminary injunction.

When one of the disfavored types of injunctions is requested, an even *heavier* burden is placed upon the movant and the movant must show that the four factors listed above weigh

"heavily and compellingly in the movant's favor." *See* Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir.2001).

Plaintiff has failed to provide any facts in support of the four factors (as set forth in the Kiowa Indian Tribe of Oklahoma v. Hoover case cited above) and his application is <u>not</u> supported by any facts or medical record or medical order. Plaintiff has not provided any information which would rationalize his requests. Thus, granting the relief he requests would significantly alter the status quo.

### B.  Plaintiff has made <u>no</u> showing of risk of immediate/irreparable harm.

Plaintiff has made no showing he is at risk of immediate and irreparable harm. As has been noted by the Court, "to constitute irreparable harm, an injury must be certain, great, actual, 'and not theoretical." *See* Heideman v. South Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003) (citation omitted). Plaintiff must, therefore, show that not only is harm *likely* to occur, but that harm will be irreparable absent the grant of the injunctive relief sought. *See* Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1260 (10th Cir. 2004). Plaintiff has made no showing that he is in danger of immediate and irreparable injury *if* the relief he requests is not granted.

It appears that Plaintiff simply does not agree with medical professionals' opinions and assessments, although Plaintiff has not provided any specific information as to what treatment he asserts the medical administrator is actually denying him. He simply states that he is being denied treatment and that documents have been forged. Importantly, Plaintiff does not ask the Court to <u>order</u> he be provided certain medical care but instead that the Health Services Administrator be ordered to refrain from interacting with the Plaintiff. It is difficult to imagine how limiting such interaction would result in *better* medical care being provided.

Plaintiff has failed to carry the burden on this factor.

### C. Plaintiff has not shown a likelihood of success on the merits.

Plaintiff has failed to show a substantial likelihood of success on the merits. While it is *possible* Plaintiff could eventually persuade the Court and a jury of his claims on the merits, Plaintiff has presented no facts indicating such for the Court's consideration now. He has merely recast the allegations contained in his Complaint and in this application added more conjecture and hyperbole. As a result, he has failed to demonstrate at this point that he has a *substantial likelihood* of success.

Defendants have filed a Motion to Dismiss asserting their affirmative defense that Plaintiff failed to first exhaust administrative remedies before bringing his claims forward to the Court. That contention is supported by the materials reviewed for preparation of the Court Ordered *Special Report*.

Plaintiff has failed to carry the burden on this factor.

## CONCLUSION

Plaintiff's request for issuance of a temporary restraining order and preliminary injunction should be denied by this Honorable Court.

>Respectfully submitted,
>Defendants Yates, Riddle, Collins,
>Strobridge and Sipes
>
>By: _____
>DARRELL L. MOORE, OBA #6332
>P.O. BOX 368
>PRYOR, OK  74362
>(918) 825-0332
>(918) 825-7730 fax
>Attorney for Defendants

## *Certificate of Service*

☐  I hereby certify that on October 7, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:


☑  I hereby certify that on October 7, 2020, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:


David Williams, ODOC# 162844
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848-9033


DARRELL L. MOORE