IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID B. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> BRANDY SIPES, et al., <br><br> Defendants. | Case No. 19-CIV-267-JFH-SPS |

## OPINION AND ORDER

Plaintiff David B. Williams ("Plaintiff") is a pro se prisoner in the custody of the Oklahoma Department of Corrections ("DOC") who is incarcerated at Davis Correctional Facility ("DCF"), a private prison in Holdenville, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at DCF. Defendants are the following DCF officials: Brandy Sipes, Correctional Counselor; Captain Ridell; Lt. Collins; Unit Manager Strawbridge; and Warden James Yates ("Defendants"). The Court has before it for consideration Plaintiff's amended complaint [Dkt. No. 7], a special report prepared by DCF Officials at the direction of the Court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) [Dkt. No. 23], Defendants' motion to dismiss [Dkt. No. 24], Plaintiff's response to the motion [Dkt. No. 26], Plaintiff's motion for temporary restraining order (the "TRO motion") [Dkt. No. 31], and Defendants' response to the TRO motion.

**Plaintiff's Allegations**

Plaintiff alleges in his amended complaint that he has a severe back injury with

severe muscle loss in his left leg. On August 2, 2019, Defendant Sipes allegedly refused him a handicapped-accessible cell. At that time, Defendants Ridell and Collins allegedly had computer access to, and documentation about, Plaintiff's medical and housing needs. Ridell and Collins, however, allegedly failed to use "pre-seg," which is designed to check the condition of a prisoner and determine whether there are any injuries or medical needs before placement in segregated housing. Plaintiff asserts he was placed in a cell with low handrails, his chair did not fit in the cell, and there were no shower railings. Plaintiff asks the Court to grant him proper housing for his medical condition at a DOC medical facility and to award him $5.5 million dollars for pain and suffering. [Dkt. No. 7 at 5-7].

**Motion for Temporary Restraining Order**

Plaintiff also has filed the TRO motion, seeking a temporary restraining order against Raymond Larimer, Director of DCF Medical Services, and Defendant Sipes [Dkt. No. 31]. He alleges Larimer continues to forge documents and refuses to allow treatment of Plaintiff's medical conditions, resulting in Plaintiff's significant pain and suffering. Sipes allegedly harasses Plaintiff and besmirches his character, placing him at risk for his health and safety, because other inmates tend to be antagonistic and predatory against anyone, such as Plaintiff, who is in a wheelchair and a "ready target." Plaintiff asks the Court to enter an order preventing Larimer and Sipes from having any interaction with Plaintiff or discussing Plaintiff or his medical issues with any staff or other inmates. He further requests a transfer to another DCF unit until he can be transferred from his present facility.

As an initial matter, the Court finds Plaintiff's TRO motion is an attempt to amend

his amended complaint by adding Raymond Larimer as a defendant and adding additional alleged incidents that occurred subsequent to his filing of the amended complaint. Plaintiff must file a new civil rights complaint to add a defendant or new allegations. Accordingly, his motion for temporary restraining order [Dkt. No. 31] is **DENIED**.

**Standard of Review for Motion to Dismiss**

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558.

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which

the plaintiff could prevail, it should do so . . . ." *Id*.  A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555.  The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  With these standards in mind, the court turns to the merits of Defendants' motion.

**Exhaustion of Administrative Remedies**

Defendants allege, among other things, that Plaintiff has failed to exhaust the administrative remedies for any of his claims.  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed.  *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).  In deciding a motion to dismiss based on nonexhaustion, the Court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to the DOC Offender Grievance Process, OP-090124, an inmate first

must attempt to resolve his complaint informally by communicating with staff within three days of the incident. If that is unsuccessful, he may submit a Request to Staff ("RTS") within seven calendar days of the incident, alleging only one issue per form. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may file a grievance to the reviewing authority (warden's office) with a copy of the RTS attached to the grievance form, asserting only the issue of the lack of response to the RTS. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance to the proper reviewing authority within 15 days from the date of receipt of the RTS response. All medical grievances must be submitted to the facility correctional health services administrator. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority ("ARA"), personal identity ARA, or Medical ARA, whichever is appropriate. The administrative process is exhausted only after all of these steps have been taken. [Dkt. No. 24-1 at 8-17].

Terry Underwood, DCF Grievance Coordinator, has submitted an affidavit alleging he has diligently searched the grievance records at the facility, and Plaintiff has not filed any grievances since his arrival in September 2015 [Dkt. 24-2 at 3]. Underwood further states in his affidavit that all the appropriate administrative remedies forms were available on the housing units where Plaintiff was housed during the applicable time periods. *Id.* In addition, Plaintiff would have had the grievance procedure explained to him upon his arrival at DCF, and information about the grievance policy is available in the facility handbook for review and copying. *Id.*

Plaintiff argues in his unclear and repetitive response to the motion to dismiss that

5

he submitted an RTS [Dkt. No. 26 at 3], however, he has not presented any evidence of this assertion, nor does he claim he filed a grievance to exhaust his administrative remedies. He also complains of unspecified and unsupported "inadequate grievance procedures and improper processing for RTS." *Id*. at 4.  Further, to the extent Plaintiff is alleging Defendants impeded his exhaustion efforts, the Court finds his vague and conclusory argument that he placed his RTS in the DCF mailbox for processing, *id*. at 10, fails to address why he did not file a grievance concerning the lack of response to the RTS.

After careful review, the Court finds that Plaintiff has failed to exhaust the administrative remedies for his claims, and Defendants' motion to dismiss should be GRANTED pursuant to Fed. R. Civ. P. 12(b)(6).

**THEREFORE,** Plaintiff's motion for temporary restraining order [Dkt. No. 31] is **DENIED**, Defendants' motion to dismiss [Dkt. No. 24] is **GRANTED**, and this action is **DISMISSED** for Plaintiff's failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED** this 15th day of December 2020.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE